IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 3:16-2978-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Agape Health Services, LLC, and | ) | |
| Alonzo Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this action requesting injunctive relief to ensure compliance of Agape Health Services, LLC ("Agape"), and Alonzo Johnson ("Johnson") (collectively "Defendants") with internal revenue laws. [ECF No. 1]. On September 12, 2016, Plaintiff filed proofs of service indicating Defendants had been served on September 7, 2016 [ECF No. 5]. On September 26, 2016, the Clerk of Court received a motion signed by Alonzo Johnson requesting a 30-day extension of time to respond to the complaint. The motion purports to be filed on behalf of both Defendants. The motion contains no contact information for either Agape or Johnson. The court hereby extends the deadline for Defendants to file an answer or otherwise plead until October 27, 2016. However, the court notes that Defendants have not made proper appearances in this action and advises that failure to do so may result in default being entered against them.

1

First, Johnson may not proceed on behalf of Agape in this action. It is well-established that a corporate entity cannot appear pro se and must be represented by counsel in court. The United States Supreme Court recognized that:

> [i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (internal citations and footnote omitted); *see also Honour Technical Group, Inc. v. United States*, 326 F. App'x 141, 142 (4th Cir. 2009) (this rule also applies to limited liability corporations); *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007). While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties. **Accordingly, Agape is directed to retain counsel and to file an answer or other responsive pleading to the complaint by October 27, 2016.** If Agape fails to retain licensed counsel to file an entry of appearance and submit a responsive pleading by October 27, 2016, default judgment may be entered against it.

Second, Johnson has provided no means for the court to contact him about this case. Johnson is directed to immediately, but no later than October 6, 2016, provide his address in writing to the Clerk of Court (United States District Court, 901 Richland Street, Columbia, South Carolina 29201). Johnson is further directed to keep the Clerk of

Court advised of any address change, to assure that he receives orders or other matters that specify deadlines. Failure to comply with this order may result in an entry of judgment against him.

    IT IS SO ORDERED.

*Shiva V. Hodges*

September 29, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

3